Argued and submitted November 16,
reversed and remanded December 10, 1979

GILLEY, et ux,
*Appellants,*
*v.*
MITCHELL, et ux,
*Respondents.*

(No. A7808-12872, CA 13968)

603 P2d 1251

[685]

Ray D. Sherwood, Portland, argued the cause for appellant. With him on the brief was Gilley and Busey, Portland.

Chris L. Mullmann, Portland, argued the cause for respondents. With him on the brief was Ragen, Roberts, O'Scannlain, Robertson & Neill, Portland.

Before, Buttler, Presiding Judge, Gillette and Roberts, Judges, and Tongue, Judge Pro Tempore.

TONGUE, J., Pro Tempore.

**TONGUE, J.,** Pro Tempore.

This is an action for damages for breach of a contract to make certain repairs on a house purchased by plaintiffs from defendants Mitchell. Defendants' demurrer to plaintiffs' amended complaint was sustained. Plaintiffs declined to plead further and appeal from the resulting judgment dismissing their complaint and awarding costs and attorney fees to the defendants. We reverse.

Plaintiffs' amended complaint, although no model of pleading, alleges the following facts, which must be deemed to be admitted for the purposes of defendants' demurrer.

On June 15, 1977, plaintiffs and defendants Mitchell entered into an earnest money agreement for the purchase by plaintiffs of a house in Portland owned by defendants Mitchell, subject to plaintiffs applying for and receiving a state G.I. loan through the Oregon Department of Veterans Affairs (DVA). The DVA denied the loan and conditioned any subsequent approval of the loan upon completion of repairs "listed in Exhibit C." Plaintiffs then declined to proceed further with the purchase.

"Thereafter, defendants Mitchell offered to complete the required repairs at their own expense if plaintiffs would perform according to the terms of the earnest money agreement, which included obtaining the DVA loan described above. Plaintiffs accepted this offer and, relying upon, and in consideration of, the promise of the defendants Mitchell to complete the work, plaintiffs agreed to proceed with the purchase and to obtain the DVA loan.

"Plaintiffs have performed all agreements made by them in connection with the purchase and sale of the property, but defendants Mitchell have failed to complete any of the repairs listed in said Exhibit C, and are in breach of their agreement to complete such repairs.

"As a direct result of the defendant Mitchells' failure to perform their agreement to complete the

required repairs, plaintiffs have incurred reasonable expenses * * *" and other damages totaling $4,000.

Defendants contend that the trial court properly sustained their demurrer to plaintiffs' complaint on two grounds: (1) There was no consideration for the agreement as alleged because plaintiffs' complaint attempts to enforce the original earnest money agreement and because, in promising to perform that agreement if defendants would make the repairs, plaintiffs were promising to perform an obligation which they were already bound to perform and because such a promise to perform an existing legal obligation is not valid consideration for a promise by another person. (2) The agreement has been fully performed in that defendants' promise was only to make repairs satisfactory to DVA so that plaintiffs could get a DVA loan and proceed with the purchase, which plaintiffs admit were subsequently accomplished.

1. *There was consideration for the alleged agreement.*

The court, in *The Simms Co. v. Wolverton et al,* 232 Or 291, 297, 375 P2d 87 (1962), adopted the following rule, as stated in 91 CJS, Vendor and Purchaser, § 110, p. 1031:

> "Where the sale is conditioned on the vendee's ability to obtain a specified loan on the premises, the contract does not become binding until he is able to procure the intended loan, and when he is unable to secure the intended loan the contract of sale terminates and becomes unenforceable. * * *"

It follows, under the facts as alleged in this case, that when DVA first denied plaintiffs' application for a loan, the original earnest money agreement (which was "subject to plaintiffs applying for and receiving" such a loan) was no longer binding and became unenforceable. Thus, plaintiffs were not then under any obligation to proceed with the purchase, and when defendants Mitchell then offered to make the repairs if plaintiffs would perform the earnest money agreement, plaintiffs' subsequent promise to do so was consideration for defendants' promise to make the repairs listed in Exhibit C.

## 2. *The agreement to make repairs was not performed.*

Although Oregon appellate courts have not previously considered the question, other courts have held that when, as in this case, a contract for the purchase of a house includes a provision to the effect that the structure will comply with the regulations or standards of an agency such as DVA, such a clause will be construed to mean that the structure will conform to such regulations or standards, rather than that the approval of such an agency is conclusive on that question, and the fact that the agency may subsequently approve the structure is not controlling on the question whether it complies with such regulations or standards and does not relieve the builder of his contract obligation to build the structure in such a manner as to comply with them. *See* Anno 67 ALR 2d 1017 (1959) and cases cited therein.

We agree with that rule. Indeed, it is not at all unlikely that the purchasers of a house, upon discovering as the result of a DVA inspection that it has serious defects, may be unwilling to proceed with the purchase unless such defects are repaired and unless the seller agrees to do so, regardless of whether or not the DVA may subsequently approve the house for the purpose of a loan for its purchase.

It follows, under the facts as alleged in this case, that even though it may be true, as contended by defendants, that the DVA subsequently approved the building and made the loan so as to enable plaintiffs to purchase the house, such approval by DVA is not conclusive on the question whether defendants performed their contract obligation to make the repairs listed in Exhibit C. In other words, the intent of the parties is controlling, and this is a question of fact.

For these reasons, we hold that the trial court erred in sustaining defendants' demurrer to plaintiffs' complaint. For the same reasons, it also follows that the trial court erred in entering judgment for the defendants and in awarding costs and attorney fees to them.

Reversed and remanded.